UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Manuel Lopez *et al.*,

                Plaintiffs,

    –v–

Advantage Plumbing & Mechanical Corp. *et al.*,

                Defendants.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAR 3 1 2016

15-CV-4507 (AJN)

MEMORANDUM AND ORDER

ALISON J. NATHAN, District Judge:

Plaintiffs filed the above-captioned action on June 10, 2015 bringing wage-and-hour claims against Defendants. Dkt. No. 1. On November 23, 2015, Plaintiffs moved to amend their Complaint. Dkt. No. 21. Defendants do not oppose removing class-related allegations, adding Parish K. Brown as a plaintiff with respect to wage claims, or adding Krystal Pescatore as a defendant with respect to wage claims. Opp. Br. at 1-2. Defendants do, however, oppose as futile the addition of retaliation and discrimination claims. *Id.* at 2. For the reasons discussed below, Plaintiffs' motion to amend is granted in part and denied in part.

## I.    LEGAL STANDARD

"The court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). A motion to amend may be denied as futile, however, if the "amended portion of the complaint would fail to state a cause of action." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000); *see also Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007) (a proposed amendment must be "sufficient to withstand a motion to dismiss under [Federal Rule of Civil Procedure] 12(b)(6)"). Under this standard, the proposed amendment "must contain sufficient factual matter, accepted as true, to 'state a claim to relief

1

that is plausible on its face.'" *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Insufficient are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* However, the Court "accept[s] the complaint's factual allegations as true and draw[s] all reasonable inferences in the plaintiff's favor." *Steginsky v. Xcelera Inc.*, 741 F.3d 365, 368 (2d Cir. 2014).

## II. DISCUSSION

Defendants only object to Plaintiffs' proposed retaliation and discrimination claims. Opp. Br. at 2. The Court evaluates each claim below.

### A. Retaliation Claims

Plaintiff Maldonado seeks to add retaliation claims under both FLSA and the NYLL. The FLSA and NYLL retaliation provisions are "nearly identical" and analyzed under the same framework. *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 471 n.18 (S.D.N.Y. 2008) (quoting *Perez v. Jasper Trading, Inc.*, No. 05-CV-1725 (ILG), 2007 WL 4441062, at *7 (E.D.N.Y. Dec. 17, 2007)). Under both statutes, a prima facie case of retaliation is established by "(1) participation in protected activity known to the defendant . . . ; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010). Defendants argue that Plaintiffs' retaliation claims are futile because internal complaints are not protected under FLSA, the internal complaint here was insufficient, and Plaintiffs do not allege causation. Opp. Br. at 6-8. These arguments are unpersuasive.

2

1.   **FLSA and Internal Complaints**

Defendants rely heavily on *Lambert v. Genesee Hospital*, 10 F.3d 46 (2d Cir. 1993), in arguing that FLSA does not prohibit retaliation against internal complaints made to one's employer. Opp. Br. at 6. However, the Second Circuit explicitly overruled *Lambert* in *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 117 (2d Cir. 2015) and held that FLSA's anti-retaliation provision "encompass[es] oral complaints made to employers in a context that makes the assertion of rights plain." *Id.* at 115. As a result, Defendants' argument that internal complaints cannot, as a matter of law, form the basis for a retaliation claim is incorrect.

2.   **Specificity of Complaints**

Defendants next argue that Maldonado's internal complaints were insufficiently specific to qualify for protection under FLSA or the NYLL. As the Second Circuit has noted, "whether . . . an oral complaint delivered directly to an employer [] constitutes [protected conduct] is a context-dependent inquiry." *Greathouse*, 784 F.3d at 115-16. However, such a complaint is sufficiently specific "when a reasonable, objective person would have understood the employee to have put the employer on notice that the employee is asserting statutory rights under the Act." *Id.* at 116 (quoting *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011)).

"A complaint about overtime has the potential to satisfy the *Greathouse* standard, because the FLSA does convey a right to overtime pay." *Dunn v. Sederakis*, No. 11-CV-8210 (PAE), 2015 WL 6681134, at *6 (S.D.N.Y. Nov. 2, 2015). Furthermore, "an explicit invocation of the FLSA is not necessary to put an employer on notice." *Id.* (emphasis omitted) (citing *Greathouse*, 784 F.3d at 116). Some courts in other circuits have, however, required that an oral complaint at least be "framed in terms of potential illegality." *Id.* at *7 (collecting cases). Like other courts in this district, however, "[t]his Court . . . is unprepared to hold that an explicit claim

3

of illegality, as opposed to a clear articulation of facts indicative of illegality, is required for an oral complaint to support a claim of [] retaliation." *Id.*; *see also Greathouse*, 11-CV-7845 Dkt. No. 36 at 2 (S.D.N.Y. May 18, 2015) (an oral complaint about overtime pay which neither invoked FLSA nor raised an explicit claim of illegality was protected conduct under FLSA). As a result, the Court applies the standard articulated by the Second Circuit, which requires only that the "context [in which the oral complaint was made] makes the assertion of rights plain." *Greathouse*, 784 F.3d at 115. In other words, the "complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Id.* at 116 (quoting *Kasten*, 563 U.S. at 14).

In arguing that Maldonado's internal complaints do not meet this standard, Defendants rely primarily on *Robledo v. No. 9 Parfume Leasehold*. *See* Opp. Br. at 8. In that case, the court found a complaint insufficiently specific where Plaintiff raised with her boss "the many questions and concerns store employees had . . . about how their wages were calculated." *Robledo*, No. 12-CV-3579 (ALC), 2013 WL 1718917, at *6 (S.D.N.Y. Apr. 9, 2013). As the *Robledo* court noted, "[a]sking how wages are being calculated, or informing management of 'questions and concerns,' is not the same thing as complaining of a particular, perceived violation of law." *Id.* at *9.

Here, however, Maldonado alleges that he "complained about missing hours on his paychecks" and "complained vigorously about . . . missing overtime hours." Proposed Amended Complaint ("PAC") ¶¶ 57-58. Unlike "[a]sking how wages are being calculated," complaining repeatedly about missing overtime hours is tantamount to "complaining of a particular, perceived violation" of the requirement under FLSA and the NYLL to pay overtime wages. *See Robledo*,

2013 WL 1718917, at *9; *see also Dunn*, 2015 WL 6681134, at *6 n.9 ("Where the plaintiff . . . alleg[es] facts that support a substantive FLSA violation, a reasonable employer would [] likely treat the plaintiff's [] complaints about overtime pay as concerning such a FLSA violation."). As a result, the Court finds that Maldonado's alleged internal complaints about missing overtime are "sufficiently clear and detailed for a reasonable employer to understand [them], in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Greathouse*, 784 F.3d at 116 (quoting *Kasten*, 563 U.S. at 14).

### 3. Causation

Finally, Defendants argue that Plaintiffs insufficiently allege a causal connection between Maldonado's complaints and his termination. Opp. Br. at 8-9. "The causal connection needed for proof of a retaliation claim can be established indirectly by showing that the protected activity was closely followed in time by the adverse action." *Cifra v. G.E. Co.*, 252 F.3d 205, 217 (2d Cir. 2001) (quoting *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1178 (2d Cir. 1996)) (internal quotation marks omitted). Maldonado alleges that he complained about non-payment of overtime "shortly before he left to go on vacation" and was fired "[u]pon returning from vacation." PAC ¶ 58. The Court finds that the temporal proximity between Maldonado's complaint and termination plausibly alleges the requisite causal connection at this stage. Thus, the Court finds that the proposed Amended Complaint plausibly alleges allegations of retaliation against Maldonado under FLSA and the NYLL and will allow amendment to add these claims.

### B. Discrimination Claims

Plaintiffs also move to add discrimination claims to their complaint. Plaintiffs Grant and Brown wish to raise pay discrimination claims, while Plaintiffs Lopez and Maldonado seek to bring hostile work environment claims based on national origin. PAC ¶¶ 77-79, 81-84, 115-123.

These proposed claims are raised under 42 U.S.C. § 1981, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). *Id.* ¶¶ 115-123. Defendants argue that Plaintiffs fail to state a claim under the relevant provisions.

### 1.   Pay Discrimination

A § 1981 pay discrimination claim is subject to the *McDonnell Douglas* burden-shifting framework. *See Littlejohn v. City of New York*, 795 F.3d 297, 312 (2d Cir. 2015). To establish a prima facie case, Plaintiffs "must show: (1) that [they are] member[s] of a protected class; (2) that [they were] paid less than similarly situated non-members of [their] protected class; and (3) evidence of discriminatory animus." *Cruse v. G & J USA Publ'g.*, 96 F. Supp. 2d 320, 326 (S.D.N.Y. 2000) (citing *Belfi v. Prendergast*, 191 F.3d 129, 139 (2d Cir. 1999)). Under *Littlejohn*, the third prong of this test is satisfied at the pleading stage if a plaintiff alleges "at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Littlejohn*, 795 F.3d at 311. *Littlejohn* does not, however, alter a plaintiff's obligation to plausibly allege the other elements of a § 1981 pay discrimination claim. *Id.*

Defendants object to the fact that Plaintiffs' allegations with respect to the second prong (that they were paid less than similarly situated co-workers) are pleaded "upon information and belief." Opp. Br. at 12. The proposed Amended Complaint alleges that "Brown and Grant were both paid less than $20.00 per hour while their comparable, similarly-situated co-workers were paid more than, upon information and belief, $27.00 per hour." PAC ¶ 83. "Information about how much a coworker is paid would seem to be precisely the type of information Plaintiffs would not have access to until discovery," and thus is potentially information that may be properly plead "upon information and belief." *Barrett v. Forest Labs., Inc.*, 39 F. Supp. 3d 407, 432 (S.D.N.Y. 2014). That said, "[e]ven if [a] plaintiff cannot allege the precise amount of [a]

6

coworker's salary, she should at least be able to allege the facts that form the basis for her belief that he is paid more." *Id.*; *see also Kajoshaj v. New York City Dep't of Educ.*, 543 F. App'x 11, 16 (2d Cir. 2013) (pleadings "upon information and belief" in a discrimination case "must be grounded in a good-faith basis in fact for believing that such comparators exist"). Plaintiffs do not provide any information to support or explain their belief that similarly situated co-workers make $27.00 an hour. PAC ¶ 83. As a result, the Court is wary of the Plaintiffs' pleadings "upon information and belief."

Courts in this district have nevertheless permitted such pleadings if plaintiffs provide sufficient identifying details about similarly situated individuals. *See Barrett*, 39 F. Supp. 3d at 432 ("Here, . . . pleading "upon information and belief" [without "the facts that form the basis for [the] belief"] is not fatal to Plaintiffs' claims because each of the ten Plaintiffs (1) states the amount of her base salary, (2) identifies at least one male comparator, and (3) alleges that the comparator received a higher base salary."). Here, by contrast, Plaintiffs merely allege that "similarly-situated co-workers were paid more than, upon information and belief, $27.00 per hour" without identifying any particular "comparators." PAC ¶ 83. The Court finds that Plaintiffs' failure to "allege the facts that form the basis for [their] belief" that similarly-situated co-workers were paid $27.00 per hour, combined with Plaintiffs' failure to identify any particular "comparators," precludes Plaintiffs from pleading "upon information and belief" in this circumstance. *See Barrett*, 39 F. Supp. 3d at 431-32.

As a result, Plaintiffs Brown and Grant fail to plausibly allege a § 1981 pay discrimination claim and the proposed amendment would be futile. Plaintiffs' NYSHRL and NYCHRL pay discrimination claims are similarly futile, as those claims are either identical to § 1981, *see Smith v. Xerox Corp.*, 196 F.3d 358, 363 n.1 (2d Cir. 1999) (discussing the

relationship between federal law and the NYSHRL), *overruled on other grounds by Meacham v. Knolls Atomic Power Lab.*, 461 F.3d 134 (2d Cir. 2006), or nevertheless "must meet the standard of pleading set forth in *Twombly* and *Iqbal*." *Dechberry v. New York City Fire Dep't*, 124 F. Supp. 3d 131, 160 (E.D.N.Y. 2015) (quoting *Fattoruso v. Hilton Grand Vacations Co., LLC*, 873 F.Supp.2d 569, 576 (S.D.N.Y. 2012)), *aff'd*, 525 F. App'x 26 (2d Cir. 2013) (discussing the relationship between federal pleading standards and the NYCHRL).

### 2. Hostile Work Environment

Plaintiffs Lopez and Maldonado wish to add hostile work environment claims predicated on Defendants' workplace English-only policy. PAC ¶¶ 77-80, 115-123. Workplace language requirements do not necessarily constitute discrimination because "[l]anguage, by itself, does not identify members of a suspect class." *Soberal-Perez v. Heckler*, 717 F.2d 36, 41 (2d Cir. 1983). However, courts have recognized two situations where such requirements may constitute discrimination on the basis of national origin.

First, courts have suggested that a policy prohibiting employees from conducting personal matters in languages other than English during breaks and other non-working hours may violate federal and state labor laws. *See Levitant v. City of New York Human Res. Admin.*, 625 F. Supp. 2d 85, 99 (E.D.N.Y. 2008) ("If [] a policy by defendant were found to exist that specifically targeted plaintiff and his native language with respect to personal conversations, such evidence could be used to support the existence of a hostile work environment based upon his national origin."). However, Lopez and Maldonado do not allege that the alleged English-only policy targeted personal conversations during non-work hours. To the contrary, they allege that the English-only requirement "created unnecessary work problems" because employees "did not speak or understand English as well as they spoke and understood Spanish." PAC ¶ 79.

Second, courts have recognized that prohibiting certain non-English languages in the workplace while permitting others may constitute actionable employment discrimination. *See Velasquez v. Goldwater Mem'l Hosp.*, 88 F. Supp. 2d 257, 263 (S.D.N.Y. 2000) ("[I]f plaintiff were able to present evidence that other employees were permitted to speak in, for example, Chinese or Portugese, but not Spanish, such evidence could support an inference of intentional discrimination on the basis of national origin."). Plaintiffs Lopez and Maldonado do not, however, allege that other employees were permitted to speak some other non-English language. *See* PAC ¶¶ 77-80.

Because Plaintiffs do not allege the existence of either situation in which English-only policies may violate federal and state labor laws, they do not plausibly allege a hostile work environment claim under § 1981 or the NYSHRL and those proposed amendments would be futile. However, the above analysis does not apply to Plaintiffs' NYCHRL claims, which must be analyzed "separately and independently from any federal and state law claims" and construed "broadly in favor of discrimination plaintiffs." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013). "To state a claim for discrimination under the NYCHRL, a plaintiff must only show differential treatment of any degree based on a discriminatory motive . . . ." *Gorokhovsky v. New York City Hous. Auth.*, 552 F. App'x 100, 102 (2d Cir. 2014). With respect to hostile work environment claims, "even 'a single comment' may be actionable in appropriate circumstances." *Id.* (quoting *Mihalik*, 715 F.3d at 114). Defendants put forward no argument that Defendants' alleged English-only policy would not violate the NYCHRL under this liberal standard and as a result, the Court will permit the proposed amendment with respect to Lopez and Maldonado's NYCHRL hostile work environment claims.

9

## III.   CONCLUSION

For the foregoing reasons, Plaintiffs' motion to amend is granted in part and denied in part. Plaintiffs may amend their complaint to remove class-related allegations, add Parish K. Brown as a Plaintiff, add Krystal Pescatore as a Defendant, add Maldonado's retaliation claims under FLSA and the NYLL, and add Lopez and Maldonado's claims of hostile work environment based on national origin under the NYCHRL.

This resolves Dkt. No. 21.

SO ORDERED.

Dated: March 30, 2016
New York, New York

_____
ALISON J. NATHAN
United States District Judge