Case 1:15-cv-04507-AJN-JLC   Document 39   Filed 07/19/16   Page 1 of 4

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUL 19 2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Manuel Lopez, *et al.*,

        Plaintiffs,

—v—

Advantage Plumbing & Mechanical Corp., *et al.*,

        Defendants.

15-cv-4507 (AJN)

MEMORANDUM &
ORDER

ALISON J. NATHAN, District Judge:

    Plaintiffs filed the above-captioned action on June 10, 2015, bringing wage-and-hour claims against Defendants. Dkt. No. 1. On November 23, 2015, Plaintiffs moved to amend their complaint. Dkt. No. 21. On March 31, 2016, the Court granted in part and denied in part Plaintiffs' motion. Dkt. No. 30. Before the Court today is Plaintiffs' motion for leave to file a second amended complaint.[1] For the reasons below, that motion is denied. This order assumes knowledge of the facts and procedural history set forth in the Court's March 31, 2016, order. *Lopez v. Advantage Plumbing & Mech. Corp.*, No. 15-CV-4507 (AJN), 2016 WL 1268274, at *1 (S.D.N.Y. Mar. 31, 2016).

## I.    Legal Standard

    "The court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). A motion to amend may be denied as futile, however, if the proposed amendment would not be "sufficient to withstand a motion to dismiss." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). Under this standard, the proposed

---

[1] Plaintiffs in the alternative ask the Court to reconsider its March 31, 2016, order. Because the purported basis for reconsideration consists only of new allegations in the proposed second amended complaint that were not included in the proposed first amended complaint, the Court will construe Plaintiffs' filing solely as a motion for leave to file a second amended complaint.

1

amendment must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must accept Plaintiffs' factual allegations as true, but this rule is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In a pay discrimination suit under 42 U.S.C. § 1981, "what must be plausibly supported by facts alleged in the complaint is that the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015). Plaintiffs bringing pay discrimination claims under New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL"), must also plausibly allege at least minimal support for an inference of discrimination. *Lopez*, 2016 WL 1268274, at *4.

## II.    Discussion

In its March 31, 2016, order, the Court denied as futile the request of Plaintiffs Brown and Grant to amend the complaint to add pay discrimination claims under 42 U.S.C. § 1981, NYSHRL, and NYCHRL. The Court held that the proposed amended complaint failed to adequately plead minimal support for an inference of discriminatory intent, but indicated that Plaintiffs could meet the standard if they plausibly alleged the existence of identifiable, similarly situated comparators who received a higher salary. *Lopez*, 2016 WL 1268274, at *3–4.

Plaintiffs attempt to remedy this defect in their proposed second amended complaint. Specifically, they now allege that Brown and Grant (who are both black)

> had several discussions with their similarly situated co-workers who were non-black/African-American and were similarly situated to them regarding their pay rates and other terms and conditions of employment. During these personal discussions, they discussed with their co-workers how much they were paid per hour, their backgrounds and the type of work they performed. From their own personal discussions with these co-workers, they learned that they were paid substantially less than the non-black/African-American, similarly situated employees of Defendants.

Proposed Second Amended Complaint ¶ 86. Grant alleges that he was paid less than four similarly situated coworkers: Fernando, Felix, and Reynaldo (no last names given), and Plaintiff

Lopez. *Id.* ¶ 89. Brown alleges that when he was employed by Defendants as a "helper," he was paid less than three non-black, similarly situated coworkers: Fernando, Kevin Grady, and Plaintiff Maldonado. *Id.* ¶ 87. When he was a plumber/mechanic, Brown alleges that he was paid less than Fernando and Felix. *Id.* ¶ 88.

      These allegations are insufficient to provide even minimal support for an inference of discriminatory intent. *See Littlejohn*, 795 F.3d at 311. Although Plaintiffs now identify comparators, they simply assert that the named comparators are "similarly situated" with no further detail. Proposed Second Amended Complaint ¶¶ 86–88. A "plaintiff relying on disparate treatment evidence must show she was similarly situated in all material respects to the individuals with whom she seeks to compare herself." *Johnson v. Andy Frain Servs., Inc.*, 638 F. App'x 68, 70 (2d Cir. Jan. 19, 2016) (summary order) (quoting *Mandell v. Cty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003)). Plaintiffs' conclusory allegations that the comparators are similarly situated fail because Plaintiffs do not even "allege that [they] and [their] co-worker[s] had similar job descriptions or responsibilities." *Id.*; *see, e.g.*, *Yan v. Ziba Mode Inc.*, No. 15-CV-47 (RJS), 2016 WL 1276456, at *4–5 (S.D.N.Y. Mar. 29, 2016) (dismissing complaint that "fails to plead any facts regarding how these employees' identities, experience levels, and conduct compared to Plaintiff's"); *Wegmann v. Young Adult Inst., Inc.*, No. 15 CIV. 3815 (KPF), 2016 WL 827780, at *10 (S.D.N.Y. Mar. 2, 2016) (dismissing complaint that failed to allege the "respective positions, responsibilities, tenure, or experience" of the comparators); *Rogers v. Fashion Inst. of Tech.*, No. 14 CIV. 6420 (AT), 2016 WL 889590, at *6 (S.D.N.Y. Feb. 26, 2016) (dismissing complaint that "lacks sufficient factual allegations related to this [comparator's] qualifications and professional standing plausibly demonstrating that he and Plaintiff are similarly situated"). Plaintiffs here have provided nothing more than "a legal conclusion couched as a factual allegation," which the Court need not assume to be true. *Twombly*, 550 U.S. at 555. Accordingly, they have failed to plausibly allege minimal support for an inference of discrimination, and the proposed second amended complaint fails to state a claim for racial discrimination under 42 U.S.C. § 1981, NYSHRL, and NYCHRL.

## III. Conclusion

For the reasons set forth above, Plaintiffs' request to file a second amended complaint is denied. No later than July 27, 2016, the parties shall submit a status letter containing a joint proposed schedule for the completion of discovery.

SO ORDERED.

Dated: July 19, 2016
       New York, New York

_____
ALISON J. NATHAN
United States District Judge